[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is the matter of Steven Zacchio versus Kathleen Burns and involves two motions before the court. A Motion for Contempt and a Motion for Modification.
In the year 2002, the plaintiff for the first time in several years, had a substantial income in his real estate endeavors through one gross commission of $75,000.
Ms. Burns sought contempt because somewhere several years ago Mr. Zacchio was ordered to place any real estate commission he had in escrow and he did not. That order was really intended by the court at that time as a temporary measure for that year and not to last forever. The plaintiff, Mr. Zacchio, did not recall said order and did not hold that amount in escrow but did notify Ms. Burns of the fact that he had come into some money and that he would be paying some of the expenses related to childcare, which he was not obligated to pay out of the prior order.
The court does not find him in contempt on that escrow order issue. The court is satisfied that there was no intentional violation of the court order.
The second issue before the court is whether or not, and to what degree, there is a substantial change in circumstances as provided for in the statute for purposes of child support modification. More particularly, § 46B-86 provides for a modification of support or alimony provided there is substantial change in circumstances.
Currently Mr. Zacchio's order is only $60 per week. At that time the plaintiff, Mr. Zacchio, had transplant surgery and had minimal income. The order was based on deviation criteria. The order was not contemplated as a permanent order. In fact, the record clearly reveals that the monetary order of child support was only temporary. CT Page 16580
There has been a substantial change in circumstances that require this court to change that support order. However, there still is a deviation criterion in this case because Mr. Zacchio by now has had an additional transplant surgery that causes him continual and substantial medical expenses. The court has taken that into account in arriving at the amount that is due for support. In arriving at the support issues, the court has followed the worksheet under the Child Support Guidelines but added an additional deduction for the extraordinary medical expenses.
Ms. Burns income in line 11 of the guideline worksheet is $425. There is a substantial difference between the parties as to what Mr. Zacchio's income should be. The court has examined his income tax return and concluded that his gross weekly income (gross income being that which he nets out of the business) is $1,137.00. The court concludes this by examining the original version of the profit and loss statement and Schedule C of Mr. Zacchio's income tax return which revealed a gross income of $75,000 and a net income of $56,707 by normal expenses analysis. The court has added back to the $56,707, the sum of $2,400 for rent because Mr. Zacchio is not paying rent, thus arriving at a total of $59,107, or $1,137.00 per week net income from his business.
From this the court deducted the following: $160 for federal income tax; $160 for self-employment tax; $40 for state income tax; $14 for Medicare; $85 for medical insurance; and an additional $90 for the extraordinary medical expenses. These expenses total $549. When subtracted from the gross weekly income, it leaves $588. Adding the $588 to the $425 net income of Ms. Burns, the total is $1,013. Mr. Zacchio would be responsible for fifty-eight percent of the support obligation which from the chart is $118, the chart calls for a $205 support obligation for both parents. Therefore, the court will order $118 per week child support. That should be retroactive to the date that Mr. Zacchio was first served with the Motion for Modification.
The court has also concluded that with regard to unreimbursed medical expenses, Ms. Burns is responsible for fifty-three percent and Mr. Zacchio is responsible for forty-seven percent. The same is true for childcare expenses.
If there is any arrearage based upon the finding, back to the date of service of the Motion for Modification, that arrearage shall be paid at a rate of $20 per week.
Any order relating to holding in escrow is vacated. From here on each party at the end of the taxable year will give the other copies of their tax returns during the child's minority. CT Page 16581
In addition thereto, the court has reviewed work history of Mr. Zacchio and has concluded that this might be an unusual year in which he earned so much money, therefore the court will order a review in the year 2003, more particularly on the first Wednesday in March 2003, to determine whether or not this was an isolated earning. This is based upon the fact that Mr. Zacchio has very few listings and given his medical condition.
Motion for Contempt is denied. Motion for Modification is granted.
Barall, JTR CT Page 16582